**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **RTIC DRINKWARE, LLC,** | |
|      **Plaintiff,** | |
| | **CASE NO. _____** |
| **v.** | |
| **CAN'T LIVE WITHOUT IT, LLC** | **JURY TRIAL DEMANDED** |
| **d/b/a S'WELL BOTTLE,** | |
|      **Defendant.** | |

**<u>RTIC DRINKWARE, LLC'S COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Plaintiff RTIC Drinkware, LLC ("RTIC Drinkware"), by and through its undersigned

counsel, hereby files this Complaint against Defendant Can't Live Without It, LLC d/b/a S'well

Bottle ("S'well"), and alleges as follows:

**<u>NATURE OF ACTION</u>**

1.    RTIC Drinkware files this action seeking a declaratory judgment that its sale of

stainless steel beverage bottles does not infringe S'well's claimed trade dress rights in the

product configuration of the bottle depicted below (the "bottle and cap configuration").



There can be no infringement because S'well does not have the exclusive right to use the above-depicted product configuration and because there is no likelihood of confusion between RTIC Drinkware's bottle design and S'well's bottle design.

2.     RTIC Drinkware also seeks cancellation of S'well's U.S. Registration Nos. 4,366,242 and 5,118,514, which cover the above-depicted "three-dimensional configuration of a bottle and bottle cap," on the basis that the product configuration is incapable of trademark protection because it is generic, functional, and lacks acquired distinctiveness.

## THE PARTIES

3.     RTIC Drinkware, LLC is a Texas limited liability company with its principal place of business at 20702 Hempstead Road, Suite 110, Houston, TX, 77065.

4.     On information and belief, S'well is a Delaware corporation with its principal place of business at 28 West 23rd Street, Floor 5, New York, NY 10010.

## JURISDICTION AND VENUE

5.     This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and/or other legal relations of the parties to this litigation with respect to an actual controversy arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.  Subject matter jurisdiction over this complaint arises under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1367(a) (supplemental jurisdiction) of the Judicial Code, 28 U.S.C §§ 1331,  1338(a), and 1367(a), as well as 15 U.S.C. § 1119, under which the Court may determine the right to a trademark registration, order the cancellation of registrations, and otherwise rectify the trademark register with respect to the registration of any party to the action.

6.     This Court has personal jurisdiction over S'well because S'well conducts and/or solicits continuous and systematic business in Texas and this District and derives substantial revenue from products provided to persons or entities in Texas and this District, and S'well's activities in Texas give rise to the claims asserted herein.  In addition, S'well has established minimum contacts with the forum and the exercise of jurisdiction over S'well would not offend traditional notions of fair play and substantial justice.  In accordance with established distribution channels for the accused products, S'well reasonably anticipated that its products would end up in Texas and in this District, and be sold in competition with the products of others, such as RTIC Drinkware, in Texas and in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this action occurred in this District and have caused damage to RTIC Drinkware in this District.

## BACKGROUND

RTIC Drinkware incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

**A.**     **RTIC Drinkware's Sale of High-Quality Stainless Steel, Vacuum-Insulated Bottles**

8.     RTIC Drinkware, a family owned and operated business located in Houston, Texas, sells high-quality stainless steel, vacuum-insulated bottles.

9.     RTIC Drinkware currently offers several different types of bottles, two of which—the below-depicted 17 and 25 oz. bottles—are at issue here.



10.     RTIC Drinkware markets these bottles through its website directly to consumers throughout the United States, including in Texas and this District.

**B.      Third-Party Sale of High-Quality Stainless Steel, Vacuum-Insulated Bottles**

11.     Similar to RTIC Drinkware, dozens of other companies throughout the country sell comparable stainless steel bottles, and many of these bottles were on the market long before RTIC Drinkware began selling its 17 and 25 oz. bottles.

12.     The following chart contains representative examples of just some of the many third-party stainless steel bottles that are currently for sale.





| | | | | |
|---|---|---|---|---|
| **Andway** | **Codream** | **Kitchiteria** | **SHAREWIN** | **bintiva** |
| **Liquid Nation** | **Cayman Fitness** | **brimma** | **Fly Skyline** | **Godinger** |
| **Living & Giving** | **MIRA** | **A LAZY DOG** | **JOI** | **Gorilla Gear** |

True and correct copies of the website printouts showing the bottles being offered for sale by third parties are attached as **Exhibit A**.

13.     On information and belief, these bottles are sold in competition with S'well's bottles and are sold to the same class of consumers, through similar marketing and sales channels, and at comparable price points.

14.     On information and belief, at least some of these third party bottles were offered for sale before May 18, 2016 (the date that S'well filed the application that matured into Reg. No. 4,366,242, claiming that the bottle and cap configuration had acquired distinctiveness).

15.     As with RTIC Drinkware's bottles, the product configuration of these third-party bottles mimics the design of traditional plastic water and soda bottles.

**C.     S'well's Sale of Vacuum-Insulated Bottles**

16.     Like dozens of other companies, S'well sells vacuum-insulated, stainless steel bottles throughout the United States, including within the state of Texas and this District.

17.     Despite this extensive third-party use, however, S'well claims to own exclusive rights in the bottle and cap configuration.

18.     And despite this third-party use, S'well recently obtained federal trademark registrations (Registration Nos. 4,366,242 and 5,118,514) for the bottle and cap configuration (the "Registrations").

19.     Each of the Registrations contains the same description of the bottle and cap configuration and covers the same goods (see below):

| Registration No. | Mark | Description of the Mark | Goods |
|---|---|---|---|
| 4,366,242<br><br>**Supplemental Register** | | The mark consists of a three-dimensional configuration of a bottle and bottle cap. The broken lines depicting indentations on the bottle cap indicate placement of the mark on the goods and are not part of the mark. | Cl. 21 - Bottles, sold empty |
| 5,118,514<br><br>**Principal Register (§ 2(f))** | | The mark consists of three-dimensional configuration of a bottle and bottle cap. The broken lines depicting indentations on the bottle cap indicate placement of the mark on the goods and are not part of the mark. | Cl. 21 – Bottles, sold empty |

True and correct copies of the certificates and status of registration are attached hereto as

**Exhibit B**.

20.     During the prosecution phase of its application that matured to Reg. No. 4,366,242, S'well amended the application to be listed on the "Supplemental" Trademark Register, which is an admission that the product configuration is descriptive and not inherently distinctive.

21.     S'well submitted its application that matured to Reg. No. 5,118,514 under Section 2(f) of the Lanham Act.  Reliance on Section 2(f) during prosecution presumes that the mark is descriptive.  Indeed, as a product configuration mark, the claimed mark **_cannot_** be inherently distinctive.  As a result, S'well's application required proof of acquired distinctiveness for its claimed mark to be registrable.

22.     For the reasons set forth above, the registration is subject to cancellation because S'well has no acquired distinctiveness in the claimed trademark because in the minds of the public there is no exclusive association between the claimed trademark and S'well as the source.

23.     The registration is also subject to cancellation because the evidence that S'well publicly filed with the USPTO in support of its claim of acquired distinctiveness is itself insufficient to carry its burden to establish acquired distinctiveness.

24.     As shown above, S'well is not the only company that sells bottles containing the bottle and cap configuration shown in its Registrations.

25.     S'well is not the only company that sells bottles containing configurations that are similar to the bottle and cap configuration shown in its Registrations.

26.     There are a limited number of bottle and cap configurations for bottles.

27.     On information and belief, consumers primarily understand the bottle and cap configuration to refer to the type of good itself—a bottle with a cap—and not as a source identifier.

28.     The tapered neck of the bottle in the configuration controls the flow rate of the liquid to prevent the liquid from splashing the consumer in the face while drinking from the bottle.

29.     The cylindrical shape of the bottle in the configuration allows a consumer to place it safely in a standard cup holder with a round opening, where it will not tip over.

30.     The cylindrical shape of the bottle in the configuration allows a consumer to comfortably hold the bottle in the consumer's hand.

31.     The bottle cap in the configuration prevents the liquid contents from spilling or leaking when the bottle is not standing upright.

32.     S'well touts the functions of its bottle and cap configuration on its website (e.g., "[a] standard-sized cup holder is just the right size for a 9 oz or 17 oz bottle").[1]  A screen capture of an advertisement from S'well's website is shown below.



33.     On information and belief, S'well does not advertise its bottle and cap configuration as a source-identifier to consumers.

34.     As a result of the foregoing, consumers do not exclusively associate the bottle and cap configuration with S'well as the source, absent the presence of other indicators of source, such as the S'WELL trademark.

35.     In addition, S'well's tolerance of other third-party uses for years constitutes acquiescence, estoppel, abandonment, or other equitable bar to any injunctive relief preventing use of the bottle and cap configuration.

---

[1] *See* https://www.swellbottle.com/stories/about-us/.

36.     Alternatively, given the nature of the marketplace, to the extent that S'well can establish that consumers can associate the bottle and cap configuration with S'well (it cannot), its rights are extremely narrow and limited to precisely the trademark registered and no more.

**D.     S'well's Litigation Against RTIC Coolers, LLC**

37.     On May 11, 2017, S'well filed a lawsuit in the United States District Court for the Southern District of New York, Case No. 1:17-cv-03530, against RTIC Coolers, LLC ("RTIC Coolers") (the "New York Action").  A copy of S'well's Complaint in the New York Action is attached hereto as **Exhibit C**.

38.     RTIC Coolers is a separate and distinct legal entity from RTIC Drinkware.

39.     In the New York Action, S'well alleges that RTIC **Coolers'** 17 and 25 oz. bottles infringe S'well's claimed trade dress rights in its bottle and cap configuration under both federal and common law, and also that RTIC **Coolers** has purportedly engaged in false designation of origin, unfair competition, deceptive acts and practices, and false advertising with respect to the RTIC **Coolers** 17 and 25 oz. bottles.

40.     RTIC **Coolers** does not sell the 17 and 25 oz. bottles, or any bottles or drinkware products.  The 17 and 25 oz. bottles are products of RTIC **Drinkware**, the plaintiff in this lawsuit.

41.     S'well's New York Action is defective because, among other things, S'well failed to name the correct defendant.  S'well brought that action against RTIC Coolers, LLC, which does not market or sell any drinkware products and is a separate legal entity from RTIC Drinkware, LLC, the entity that markets and sells the 17 and 25 oz. bottles at issue.

42.     However, because the products at issue are sold by RTIC Drinkware, S'well's filing of the New York Action has created an actual dispute and controversy between the parties

with respect to RTIC Drinkware's 17 and 25 oz. bottles, and has given RTIC Drinkware a reasonable apprehension that suit will be brought against RTIC Drinkware with regard to the claims asserted by S'well as to the 17 and 25 oz. bottles in that Action.

**E.     RTIC Drinkware's Bottles Are Not Confusingly Similar**

43.     Consumers are not likely to be confused between RTIC Drinkware's bottles and S'well's bottles because the designs are distinguishable.

44.     On the one hand, as depicted below, the base of RTIC Drinkware's bottles does not include any indentations.  On the other hand, as depicted below, the base of S'well's bottles includes indentations.

| RTIC Drinkware | S'well |
|:---:|:---:|
|  |  |

45.     As depicted above, RTIC Drinkware and S'well prominently display their respective house marks on the bottles.

46.     RTIC Drinkware did not intend to cause consumer confusion with S'well's bottles.

47.     RTIC Drinkware is not aware of any instance of actual confusion between RTIC Drinkware's bottles and S'well's bottles.

48.     In light of the foregoing, there is no likelihood of any consumer confusion between the parties' goods or any harm to S'well's claimed goodwill and RTIC Drinkware is entitled to a declaration of non-infringement.

**F.**    **RTIC Drinkware's Petition to Cancel the Registrations**

49.    RTIC Drinkware filed a petition to cancel the Registrations with the United States Patent and Trademark Office's Trademark Trial and Appeal Board, on the grounds that the Registrations are generic and functional, and that Registration No. 5,118,514 has not acquired distinctiveness.  A copy of RTIC Drinkware's petition to cancel (exclusive of its accompanying exhibits) is attached hereto as **Exhibit D**.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Cancellation of U.S. Registration Nos. 4,366,242 and 5,118,514)**

50.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 49 above as if fully set forth herein.

51.    This is an action pursuant to 15 U.S.C. §§ 1064 and 1119 for cancellation of S'well's U.S. Registration Nos. 4,366,242 and 5,118,514 for the product configuration of a "three-dimensional configuration of a bottle and bottle cap."

52.    Based on the complaint filed by S'well against RTIC Coolers in the New York Action, there exists an actual and justiciable controversy has arisen and now exists between the parties as to the validity of S'well's purported trade dress rights in the bottle and cap configuration of S'well's bottles.

53.    The Registrations should be cancelled because S'well's claimed bottle and cap configuration is generic, functional, and/or has not acquired distinctiveness, and is thus not protectable as a trademark.

**A.**    **The Bottle and Cap Configuration is Generic**

54.    The bottle and cap configuration that is the subject of the Registrations is generic and incapable of trademark protection.

55.     Dozens of other companies throughout the country sell bottles containing the bottle and cap configuration (or configurations highly similar to the bottle and cap configuration) such that consumers primarily understand the configuration to refer to the type of good itself—a bottle—and not to identify a source.

56.     The bottle and cap configuration is so commonplace that it is incapable of serving to identify any one particular source, including S'well.

**B.     The Bottle and Cap Configuration is Functional**

57.     The bottle and cap configuration that is the subject of the Registrations is functional and incapable of trademark protection.

58.     The bottle and cap configuration is essential to the use or purpose of the bottle.

59.     The bottle and cap configuration is incapable of distinguishing S'well's bottles from the dozens of other companies' bottles that use the same or similar configurations because each feature of the configuration is functional.

60.     The bottle and cap configuration is incapable of distinguishing S'well's bottles from the dozens of other companies' bottles that use the same or similar configurations because the configuration is comprised of functional features and the overall product configuration is functional.

61.     The common use by third parties of product configuration features identical or similar to the configuration that is the subject of the Registrations is also evidence that such features are functional.

62.     Because there is a limited number of bottle and cap configurations for bottles, there is a competitive need for others in the industry, including RTIC Drinkware, to be able to

use the bottle and cap configuration (or a similar configuration) that is the subject of the Registrations.

**C.**     **The Bottle and Cap Configuration Has Not Acquired Distinctiveness**

63.     The bottle and cap configuration that is subject of Registration No. 5,118,514 is also ineligible for trademark protection because it is merely descriptive and has not acquired distinctiveness.

64.     In prosecuting its application that matured into Registration No. 5,118,514, S'well explicitly claimed that the bottle and cap configuration had acquired distinctiveness under Section 2(f) of the Lanham Act, which served as a concession that the bottle and cap configuration is merely descriptive.

65.     The bottle and cap configuration has not acquired distinctiveness because S'well did not have substantially exclusive and continuous use of the configuration for the five years before the date on which its claim of acquired distinctiveness was made.

66.     The evidence that S'well submitted in prosecuting its application that matured into Registration No. 5,118,514 fails to establish that the bottle and cap configuration has acquired distinctiveness.

67.     As of May 18, 2016, the date that S'well entered its claim of acquired distinctiveness in connection with Registration No. 5,118,514, S'well had only been using the configuration mark for just over five years, which is an insufficient period of time for such a highly descriptive configuration to acquire distinctiveness.

68.     The evidence that S'well submitted in prosecuting its application fails to demonstrate that S'well has advertised its bottle and cap configuration as a source-identifier to consumers.

69.    The evidence that S'well submitted in prosecuting its application fails to demonstrate that consumers recognize the bottle and cap configuration as a source-identifier.

70.    Pursuant to 15 U.S.C. §§ 1064 and 1119, RTIC Drinkware seeks an order from this Court cancelling the Registrations on the grounds that the bottle and cap configuration is generic and functional.  RTIC Drinkware seeks cancellation of the Registration No. 5,118,514 on the additional ground that the bottle and cap configuration has not acquired the requisite distinctiveness.

**COUNT II**
**(Declaratory Judgment of Non-Infringement under the Lanham Act)**

71.    RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 70 above as if fully set forth herein.

72.    This is an action for declaratory judgment and further relief against S'well pursuant to 28 U.S.C. §§ 2201 and 2202.

73.    S'well has alleged, and RTIC Drinkware denies, that RTIC Drinkware's sale of its 17 and 25 oz. bottles infringes S'well's claimed rights in its bottle and cap configuration.

74.    There exists an actual and justiciable controversy between the parties as to whether RTIC Drinkware infringes S'well's purported trade dress rights that are the subject of U.S. Registration Nos. 4,366,242 and 5,118,514 under 15 U.S.C. § 1114.

75.    S'well's bottle and cap configuration is not protectable as a trademark because it is generic, functional, and/or has not acquired distinctiveness.

76.     Even if the bottle and cap configuration were protectable as a trademark (which, again, it is not), RTIC Drinkware has not infringed any purported trade dress rights owned by S'well in its bottles.

77.     S'well does not have the exclusive right to use the bottle and cap configuration in connection with bottles.

78.     There is no likelihood of consumer confusion between RTIC Drinkware's bottles and S'well's bottles because the designs are distinguishable and RTIC Drinkware and S'well prominently display their respective house marks on the bottles.

79.     RTIC Drinkware did not intend to cause consumer confusion with S'well's bottles.

80.     RTIC Drinkware is not aware of any instance of actual confusion between RTIC Drinkware's bottles and S'well's bottles.

81.     Because S'well does not have the exclusive right to use the bottle and cap configuration (because it is functional, generic, and lacks secondary meaning), and because there can be no likelihood of confusion between RTIC Drinkware's and S'well's generically-designed bottles, RTIC Drinkware seeks a declaratory judgment that RTIC Drinkware's use of its generic design does not constitute trademark infringement of S'well's purported rights in its claimed bottle and cap configuration.

## <u>COUNT III</u>
### (Declaratory Judgment of Non-Infringement Under Common Law)

82.     RTIC Drinkware realleges and incorporates by reference paragraphs 1 through 81 above as if fully set forth herein.

83.     This is an action for declaratory judgment and further relief against S'well pursuant to 28 U.S.C. §§ 2201 and 2202.

84.     S'well has alleged, and RTIC Drinkware denies, that RTIC Drinkware's sale of its 17 and 25 oz. bottles infringes S'well's claimed rights in its bottle and cap configuration.

85.     There exists an actual and justiciable controversy between the parties as to whether RTIC Drinkware infringes S'well's purported trade dress rights under common law.

86.     S'well's bottle and cap configuration is not protectable as a trademark because it is generic, functional, and/or has not acquired distinctiveness.

87.      Even if the bottle and cap configuration is protectable as a trademark (which, again, it is not), RTIC Drinkware has not infringed any purported trade dress rights owned by S'well in its bottles.

88.     S'well's bottle and cap configuration is highly descriptive and functional such that the scope of any trademark rights S'well does own is very narrow.

89.     There is no likelihood of consumer confusion between RTIC Drinkware's bottles and S'well's bottles because the designs are distinguishable and RTIC Drinkware and S'well prominently display their respective house marks on the bottles.

90.     RTIC Drinkware did not intend to cause consumer confusion with S'well's bottles.

91.     RTIC Drinkware is not aware of any instance of actual confusion between RTIC Drinkware's bottles and S'well's bottles.

92.     Because S'well does not have the exclusive right to use the bottle and cap configuration (because it is functional, generic, and lacks secondary meaning), and because there can be no likelihood of confusion between RTIC Drinkware's and S'well's generically-designed bottles, RTIC Drinkware seeks a declaratory judgment that RTIC Drinkware's use of its generic design does not constitute trademark infringement of S'well's purported rights in its claimed bottle and cap configuration.

## PRAYER FOR RELIEF

**WHEREFORE**, RTIC Drinkware respectfully requests that this Court enter judgment in its favor and against S'well:

A.      Declaring that RTIC Drinkware does not infringe, and at all times has not infringed, Swell's claimed rights in the bottle and cap configuration;

B.      A declaratory judgment that the bottle and cap configuration (i) lacks the requisite legal requirements to be protectable under the Lanham Act (because it is functional, generic, and lacks secondary meaning); and (ii) is not entitled to registration on the Principal or Supplemental Register.

C.      An order cancelling U.S. Registration Nos. 4,366,242 and 5,118,514 and directing the Clerk of Court to transmit notice of the Order to the Director of the Trademark Office of the United States Patent and Trademark Office.

D.      That RTIC Drinkware be awarded its costs.

E.      A declaration that this case is exceptional and that RTIC Drinkware be awarded its costs and attorneys' fees incurred in connection with this action.

F.      An award to RTIC Drinkware of all such other and further relief as this Court or a jury may deem proper and just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RTIC Drinkware demands a trial by jury on all issues triable of right by a jury.

Dated: May 22, 2017

FISH & RICHARDSON P.C.

**Neil J. McNabnay**
Texas Bar No. 24002583
S.D. Tex. Bar No. 29774
mcnabnay@fr.com
**P. Weston Musselman, Jr.**
Texas Bar No. 14749600
S.D. Tex. Bar No. 140819
musselman@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile


**Bailey K. Harris**
Attorney-in-Charge
Texas Bar No. 24083139
S.D. Tex. Bar No. 1725405
bharris@fr.com
1221 McKinney St., Suite 2800
Houston, TX 77010
(713) 654-5300 – Telephone
(713) 652-0109 – Facsimile

**Sheryl Koval Garko**
(*pro hac vice* forthcoming)
Massachusetts Bar No. 657735
garko@fr.com
One Marina Park Drive
Boston, MA 02210
(617) 542-5070 – Telephone
(617) 542-8906 – Facsimile

**Elizabeth E. Brenckman**
(*pro hac vice* forthcoming)
New York Bar No. 5272040
brenckman@fr.com
601 Lexington Avenue, Floor 52
New York, NY 10022
(212) 641-2305 – Telephone
(212) 765-5070 – Facsimile

**ATTORNEYS FOR PLAINTIFF
RTIC DRINKWARE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing will be served on Defendant Can't Live Without It, LLC d/b/a S'well Bottle's registered agent pursuant to Federal Rule of Civil Procedure 5(b), and the Proof of Service will be filed with the Court once it is obtained.

Bailey K. Harris